# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO.: 3:22-cr-274 |
| Plaintiff, ) | |
| ) | JUDGE JAMES R. KNEPP, II. |
| vs. ) | |
| ) | |
| ANITA GREEN, ) | **DEFENDANT'S BRIEF IN OPPOSITION** |
| ) | **TO RESTITUTION REQUEST** |
| Defendant. ) | |

Now comes the Defendant, Anita Green, by and through undersigned counsel, Friedman, Nemecek, Long & Grant, L.L.C., and hereby respectfully submits the instant Brief regarding the issue of restitution in this matter.

The Sixth Circuit has recognized that "a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order for the same underlying wrong." *United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001).[1] However, the Court has also recognized that the Mandatory Victims Restitution Act ("MVRA") does not permit victims to obtain multiple recoveries for the same loss. Accordingly, when determining the amount of restitution under the MVRA, the court must reduce the restitution by any amount the victim received as part of a civil settlement in order to avoid the undesirable result of restitution effectuating a double recovery. *See, e.g., United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009); *United States v. McDaniel*, 398 F.3d 540, 555 (6th Cir. 2005)

---

[1] The Sixth Circuit's holding is consistent with decisions from the other circuits that had addressed the issue. *Id.*, *citing United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998); *United States v. Sheinbaum*, 136 F.3d 443, 448 (5th Cir. 1998); *United States v. Vetter*, 895 F.2d 456, 459 (8th Cir. 1990); *United States v. Hairston*, 888 F.2d 1349, 1355 (11th Cir. 1989); *United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989).

(noting that "the restitution statutes do not permit victims to obtain multiple recoveries for the same loss").

In the matter *sub judice*, the Government filed a Brief asking that the Court impose restitution in this matter. (Doc. 106, Gov't Br., PageID #1505-1528). Within said pleading, the Government maintains that Ms. Green should be responsible for the restitution associated with the harm suffered by T.H.'s minor children, which includes costs for past and future mental health counseling. (Doc. 106, Gov't Br., PageID #1521). According to the Government, the Minor Victims have already incurred $16,000.00 in expenses related to mental health care, and future treatment is expected to cost an additional $110,000.00. Thus, the Government posits that Ms. Green should be ordered to pay $126,000.00 in restitution.

A.  **Restitution for Psychological Harm Under 18 U.S.C. § 3663A**

For the purposes of the MVRA, a 'victim' is "a person directly and proximately harmed as a result of the commission of an offense." *See* 18 U.S.C. § 3663A(a)(2). If a victim is deceased, "another family member, or any other person appointed as suitable by the court[ ] may assume the victim's rights under" the MVRA. *Id.* Thus, the MVRA permits a victim or other representative to recover expenses incurred – or other losses sustained – by the *victim who suffered bodily injury* as a result of the defendant's offense(s).

As the Government concedes in their Brief, the Sixth Circuit has not squarely addressed the issue of whether "bodily injury" under 18 U.S.C. § 3663A includes a psychological injury. (Doc. 106, Gov't Br., PageID #1518). In the limited cases where the issue has been raised, however, the Court has seemingly rejected the proposition that restitution can – or should – be awarded in the absence of evidence that the requesting party suffered bodily injury. *See, e.g., United States v. Patton*, 651 Fed. App'x 423, 427 (6th Cir. 2016) ("Because the victim's spouses

suffered no bodily injury, the district court erred in awarding them lost wages under the MVRA"); *United States v. Evers*, 669 F.3d 645, 656 n. 3 (6th Cir. 2012) (noting that restitution under 18 U.S.C. 3663A requires that the victim suffer bodily injury). This same reasoning has been applied by other circuit and district courts that have confronted this issue. *See, e.g., United States v. Casados*, 26 F.4th 845, 847 (10th Cir. 2022) (reversing district court's award of restitution for travel expenses incurred by victim's son because "the representative's assumption of the victim's rights does not permit the representative to receive reimbursement of his or her own expenses because the representative only assumes the victim's rights"); *United States v. Wilcox*, 487 F.3d 1163, 1177 (8th Cir. 2007)[2] ("[Section 3663A] simply provides that the court may order the defendant to pay the legal guardian, rather than the victim herself, the restitution owed to the victim. [It] does not allow the legal guardian to substitute her own losses for those of the victim"); *United States v. Hawk*, 2020 WL 4284369, *3 (W.D. S.D. Jul. 27, 2020) (holding that the surviving spouse in a murder prosecution qualified as a MRVA victim in her own right, but denying her restitution request for therapy and lost wages because "[these] categories of cost may be granted only to victims who suffered bodily injury"); *United States v. Rivera-Solis*, 2024 WL 2044744, *5 (D.C. Puerto Rico May 8, 2024) (denying restitution request for psychological treatment expenses incurred by minor children of father who was murdered because the minors did not sustain any bodily injuries as a result of the defendant's offense).

Here, it is undisputed that T.H.'s minor children did not suffer any bodily injury as a result of Ms. Green's conduct. In light of the foregoing precedent as well as the clear language of 18 U.S.C. § 3663A, this Honorable Court should deny the Government's request for restitution for past and future mental health treatment.

---

[2] The Sixth Circuit expressly cited to *Wilcox* in *Evers*, *supra*.

B.   **Amount of Restitution**

Even assuming, arguendo, that the Court determines that restitution for psychological treatment is permissible and/or appropriate in this matter, any award must take into account the money that Ms. Green has already paid to T.H.'s Estate as part of a civil settlement. *See, e.g., Elson*, 577 F.3d at 734; *McDaniel*, 398 F.3d at 555. In the case at bar, it is undisputed that Ms. Green has entered into a Settlement and Mutual Release with the victim's Estate.[3] A copy of the settlement is attached hereto as Exhibit "A" and is incorporated herein by express reference. As set forth in the Settlement and Mutual Release, Ms. Green paid the Estate $500,000.00[4] for her role in the incident that formed the basis for the underlying criminal charges in this case. *See* Exhibit "A." In exchange, the Estate agreed to completely release Ms. Green from all past, present, or future claims arising out of said incident. *Id.* Moreover, the Settlement clearly encompasses all claims and/or causes of action that could be brought on behalf of the Estate, including damages sustained by T.H.'s heirs and/or successors (*i.e.*, the Minor Victims).

Thus, to the extent that the Court determines that Ms. Green should be responsible for the Minor Victims' past and future mental health counseling, the total restitution ordered must be reduced by the amount previously paid by Ms. Green as part of the civil settlement. Because the estimated counseling costs are approximately $126,000.00, no additional restitution can or should be assessed against Ms. Green.

---

[3] The case proceeded by way of Complaint in the Auglaize County Court of Common Pleas, Case No. 2023 CV 0058, which was filed on or about April 27, 2023.

[4] Per the terms of the Settlement and Release, counsel for the Estate received $100,000.00 for his representation, and the Estate received the remaining $400,000.00.

**WHEREFORE**, the Defendant, Anita Green, by and through undersigned counsel, hereby respectfully requests that this Honorable Court deny the Government's request for restitution relating to the Minor Victims' mental health treatment. Alternatively, counsel moves the Court to reduce any restitution Order by the amount Ms. Green previously paid as part of the civil settlement heretofore discussed.

Respectfully submitted,

/S/ Ian N. Friedman
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: inf@fanlegal.com
E: ecn@fanlegal.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Brief was filed by CM/ECF on the 30th day of October, 2024, which will send a notification of such filing electronically to all parties in this case.

        Respectfully submitted,

        /s/ *Ian N. Friedman*
        IAN N. FRIEDMAN
        ERIC C. NEMECEK
        Counsel for Defendant